J-S20014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN LEE JOHNSON | : | |
| | : | |
| Appellant | : | No. 2115 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 19, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002239-2021

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 20, 2023**

Appellant, Justin Lee Johnson, appeals *pro se* from the April 19, 2022 Judgment of Sentence entered in the Lehigh County Court of Common Pleas following his conviction of Receiving Stolen Property—Vehicle.[1]  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On July 18, 2021, around 3:00 PM, Timothy Sprouse, a locksmith, reported that his 2008 Mercury Mariner had been stolen.  Mr. Sprouse reported that he had, *inter alia*, numerous keys for different vehicles, two key machines, an electronic key programmer, and a cell phone in his vehicle.  Just moments later, Lehigh County Communications dispatched Salisbury Police Corporal Charles

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S § 3925(a).

Whitehead to the site of the vehicle.[2]  Approximately 12 minutes after Mr. Sprouse called the police, Corporal Whitehead, accompanied by Officer Noah Lopresti, located Mr. Sprouse's stolen vehicle parked in the lot of a senior living center.

Upon their arrival, the officers observed Appellant standing in the doorway of the driver's side of the vehicle.  The officers immediately took Appellant into custody and proceeded to search him, finding the keys to the stolen vehicle in Appellant's hand and blank checks belonging to Mr. Sprouse in his back pocket.  The officers also discovered a bag of uncut keys in Appellant's front pocket.  The officers subsequently transferred Appellant to the custody of Allentown police after which Corporal Whitehead and Officer Lopresti found another bag of uncut keys under the vehicle on the driver's side.[3]

The Commonwealth charged Appellant with one count each of Theft by Unlawful Taking—Moveable Property, Unauthorized Use of Motor Vehicle, and Receiving Stolen Property—Vehicle arising from this incident.

---

[2] Mr. Sprouse indicated that he was aware of the vehicle's location because he had used the Find My Phone application on his cell phone to track it.

[3] Allentown Police Officer Robert Carbaugh arrived on the scene after Corporal Whitehead and Officer Lopresti had placed Appellant in custody.  A body camera worn by Officer Carbaugh recorded some portion of the search of Appellant and discovery of evidence, including the discovery of the bag of keys underneath Mr. Sprouse's vehicle.  The court admitted the body camera recording as evidence at trial.  Corporal Whitehead confirmed at trial that the recording fairly and accurately depicted the items of evidence removed from Appellant's pocket.  *See* N.T. Trial, 3/3/22, at 51.  The video recording is not part of the Certified Record and, thus, this Court has not reviewed it.

Following a one-day trial at which Appellant represented himself,[4] on March 3, 2022, the jury convicted Appellant of Receiving Stolen Property—Vehicle.[5] On April 19, 2022, the trial court imposed a standard range sentence of 18 to 36 months of incarceration.

On April 27, 2022, Appellant filed a Post-Sentence Motion. In the motion, Appellant challenged the sufficiency of the evidence in support of his conviction. Subsequently, on May 3, 2022, Appellant filed a Motion for Reconsideration of Sentence in which he claimed, relying on Section 9543 of the Post Conviction Relief Act, that the court should reconsider his sentence because, in securing his conviction, the prosecutor relied on testimony he knew was false.

Following a hearing on both motions, the trial court denied Appellant relief. This timely *pro se* appeal followed.

Appellant raises the following issues on appeal:

1. Were the keys to the stolen vehicle discovered in body camera footage? No keys were found except for the bag of uncut keys in Robert E Carbaugh body cam.

2. Were all elements to receiving stolen property proven? Appellant was found in possession of ignition keys and items last known to victim to be in vehicle.

---

[4] The trial court had, after a hearing, previously granted Appellant's motion to remove counsel and permitted Appellant to proceed *pro se*. That same day, Appellant signed a waiver of counsel form acknowledging that he knowingly and intelligently waived his right to counsel.

[5] The jury acquitted Appellant of the other charged offenses.

3. Did ADA Mussel know of or should have known of witnesses false testimony? No false testimony was provided.

Appellant's Brief at 1 (verbatim).

Before we address the merits of Appellant's issues, we consider whether he has developed them for our review.

It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument . . . ." **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa. Super. 2018). This Court will address only those issues properly presented and developed in an appellant's brief as required by our rules of appellate procedure. Pa.R.A.P. 2101-2119. As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." **Coulter v. Ramsden**, 94 A.3d 1080, 1088 (Pa. Super. 2014). **See also Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted) (when "defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived."); Pa.R.A.P. 2101 (providing that where the defects in an appellant's brief are substantial, this Court may quash or dismiss the appeal).

Following our review of the argument Appellant has presented in support of his claims, we find that Appellant's brief is substantially non-compliant with our briefing rules. First, notwithstanding that Appellant included three issues in his statement of questions, he has presented only one section of argument in contravention of Pa.R.A.P. 2119(a) (requiring that the "argument shall be divided into as many parts as there are questions to be argued). In further violation of Rule 2119(a), although Appellant cited to record in his "Argument," close inspection of the citations provided reveal that they are either incomplete, inaccurate, irrelevant, refer to evidence not included in the certified record, or some combination of these defects.[6] Similarly, of the four case citations provided by Appellant, only one is both complete and binding on this Court. However, Appellant cited to that one case—***Commonwealth v. Santana***, 333 A.2d 876 (Pa. Super. 1975)—merely for the general proposition that "[i]t is settled law in Pennsylvania that testimony in conflict with the incontrovertible physical facts and contrary to human experience and the laws of nature must be rejected[.]" Appellant's Brief, Argument, at 2 (unpaginated).

Even if we could look past the substantial defects in the form of Appellant's Brief, we would conclude that Appellant's substantive argument is underdeveloped. Although in his first two issues Appellant challenges the

---

[6] Two of Appellant's five citations were incomplete insofar as they directed this Court to lines of testimony without reference to the pages in the notes of testimony in which those lines appear. One of the citations was to the body camera video recording admitted into evidence at trial.

sufficiency of the evidence underlying his conviction, he appears to argue instead that the jury's verdict was against the weight of the evidence.[7] In support, he includes a series of self-serving sentences reiterating certain unsubstantiated "facts." With respect to his prosecutorial misconduct claim, Appellant's argument consists of bald—and more importantly—unproven assertions that Corporal Whitehead and Officer Lopresti testified falsely and that the prosecutor knew their testimony was false.

We cannot and will not act as Appellant's counsel and develop arguments on his behalf. Appellant's failure to develop his arguments have hampered this Court's ability to conduct meaningful appellate review. Thus, we conclude that Appellant has waived his claims by failing to develop them.

Judgment of Sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 7/20/2023*

---

[7] In addition to Appellant failing to develop this argument in his brief, he did not preserve a challenge to the weight of the evidence by raising it before the trial court as required by Pa.R.Crim.P. 607.